**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

JUSTIN DERON COLEMAN,                    :
AIS 216124,
                                         :

      Petitioner,                         :

                                         :
vs.                                              CA 15-0337-WS-C
                                         :
JUDGE BEN BROOKS, et al.,
                                         :

      Respondents.


## REPORT AND RECOMMENDATION

Justin Deron Coleman, a state prisoner presently incarcerated at the Bibb Correctional Facility in Brent, Alabama, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## FINDINGS OF FACT

On May 18, 2004, petitioner entered a counseled guilty plea to second-degree domestic violence in the Circuit Court of Mobile County, Alabama. (Doc. 24, Exhibits 1 & 2.) Coleman was sentenced, that same day, to a 20-year term of imprisonment; he was ordered to serve five years in prison with the remainder of the sentence suspended pending his successful completion of five years probation. (*See* Doc. 24, Exhibit 1, Case

Action Summary Sheet.) Coleman nowhere gives any indication that he appealed his second-degree domestic abuse conviction or sentence. (*See* Doc. 13.)

Coleman was granted probation on October 9, 2008, and, on June 25, 2013, he was charged by his probation officer with failing to report and failing to pay the fees associated with his probation. (Doc. 24, Exhibit 7, OFFICER'S REPORT ON DELINQUENT PROBATIONER.) On July 30, 2013, Coleman appeared before Mobile County Circuit Judge Ben Brooks and, with appointed counsel, confessed the revocation; his probation was partially revoked and he was remanded to the custody of the Mobile Metro Jail to serve ninety (90) days. (Doc. 24, Exhibit 8, ORDER.) However, by order dated September 12, 2013, Judge Brooks vacated and set aside his order entered on July 30, 2013, on the basis that the sentence contained in the order had been "adjudged an illegal sentence[.]" (Doc. 24, Exhibit 10, ORDER.) Thereafter, on September 19, 2013, Coleman appeared before Judge Brooks for a probation revocation hearing, during which testimony was taken and arguments heard. (Doc. 24, Exhibit 11, ORDER.) The following day, Judge Brooks entered an order revoking petitioner's probation, same reading, in relevant part, as follows:

> Probation Officer Marquita Williams testified that the Defendant failed to report and to pay supervision fees.
> The Court finds that the Defendant has violated the terms and conditions of his probation by failure to report and failure to pay supervision fees.
> The Court orders the Defendant's probation fully revoked.
> The Defendant is remanded into the custody of the Alabama Department of Corrections to serve the remainder of his sentence.
> The Defendant is to be given credit for time served.

(*Id*.) Coleman filed several post-revocation motions in the Circuit Court of Mobile County, Alabama (*see* Doc. 24, Exhibits 12 & 13); however, both motions were denied by

order dated October 16, 2013 (Doc. 24, Exhibit 14, ORDER). Petitioner did not appeal the revocation of his probation. (*See* Doc. 13, at 3 (reflecting Coleman's notation that he did not appeal and commenting that he was "under [the] impression that court appointed attorney Robert Hagler Jr. were filing the appeal but found out none was filed.").)

Coleman initially filed his federal habeas corpus action in the Northern District of Alabama on April 20, 2015 (*compare* Doc. 1, at 4 *with* Doc. 26) and, on August 13, 2015, followed the undersigned's instructions by raising his claims on this Court's form § 2254 petition (*see* Doc. 13). Based upon the grounds for relief stated in the petition filed on this Court's form, it is clear that Coleman is solely challenging the revocation of his probation because he avers as his date of judgment of conviction September 19, 2013, the date his probation was revoked, and otherwise only makes references to his probation revocation proceedings. (*See id.,* at 2-42.)

## CONCLUSIONS OF LAW

### A.    Statute of Limitations.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

3

seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and, therefore, the timeliness of Coleman's petition must be calculated under § 2244(d)(1)(A) based upon "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" *Id.; see Scott v. Duffy,* 372 Fed.Appx. 61, 62 (11th Cir. Apr. 5, 2010)[1]  (applying § 2244(d)(1)(A) in the context of a challenge to revocation of probation). Under Alabama law, a defendant has 42 days to file an appeal challenging the revocation of probation. *Compare Bullard v. Giles,* 2009 WL 1395428, *1 (M.D. Ala. May 18, 2009) (citing Rule 4(b)(1) of the Alabama Rules of Appellate Procedure and finding that a petitioner has 42 days after his

---

[1]      "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

4

probation was revoked to seek direct review, that is, appeal his probation revocation) *with Wank v. State,* 18 So.3d 972, 973-974 (Ala.Crim.App. 2009) (finding a defendant has 42 days from the date his probation is revoked to file a notice of appeal) and *Davis v. State,* 644 So.2d 44 (Ala.Crim.App. 1994) (finding notice of appeal of revocation of probation untimely where it was filed more than 42 days after the probation revocation). No appeal was filed in Coleman's case after his probation was fully revoked by Mobile County Circuit Judge Ben Brooks on September 19/20, 2013. Therefore, the judgment of the Circuit Court of Mobile County, Alabama became final 42 days later on November 1, 2013.

Coleman's one-year period of limitations under AEDPA began to run on November 1, 2013 and expired on November 1, 2014, some five and one-half months before he initially filed the instant habeas corpus petition in the Northern District of Alabama on April 20, 2015. Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000), because he never filed a Rule 32 petition collaterally attacking the revocation of his probation (*see* Doc. 13, at 3-4 (referencing

only the instant habeas corpus petition which he initiated in the Northern District of Alabama)). Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period.

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See*

6

*Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998)

("[E]quitable tolling is proper only when the 'principles of equity would make [the]

rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the

petitioner has 'in some extraordinary way . . . been prevented from asserting his or her

rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in

investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient.").

The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable

tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at 653,

130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary

circumstances":

> We have previously held that "a garden variety claim of excusable
> neglect," such as a simple "miscalculation" that leads a lawyer to miss a
> filing deadline, does not warrant equitable tolling. But the case before us
> does not involve, and we are not considering, a "garden variety claim" of
> attorney negligence. Rather, the facts of this case present far more serious
> instances of attorney misconduct. And, as we have said, although the
> circumstances of a case must be "extraordinary" before equitable tolling
> can be applied, we hold that such circumstances are not limited to those
> that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion
> suggest that this case may well be an "extraordinary" instance in which
> petitioner's attorney's conduct constituted far more than "garden variety"
> or "excusable neglect." To be sure, Collins failed to file Holland's petition
> on time and appears to have been unaware of the date on which the
> limitations period expired-two facts that, alone, might suggest simple
> negligence. But, in these circumstances, the record facts we have
> elucidated suggest that the failure amounted to more: Here, Collins failed
> to file Holland's federal petition on time despite Holland's many letters
> that repeatedly emphasized the importance of his doing so. Collins
> apparently did not do the research necessary to find out the proper filing
> date, despite Holland's letters that went so far as to identify the applicable
> legal rules. Collins failed to inform Holland in a timely manner about the
> crucial fact that the Florida Supreme Court had decided his case, again

> despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 651-652, 130 S.Ct. at 2564. It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *Compare McQuiggin v. Perkins,* \_\_\_\_\_ U.S. \_\_\_\_\_, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) ("[A]ctual [factual] innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.") *with San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied,* \_\_\_\_\_ U.S. \_\_\_\_\_, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).[2]

    In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Coleman makes no equitable tolling argument in his response to the undersigned's order entered on February 22, 2016 (*see* Doc. 27, at 1-3; *compare id. with* Doc. 26, at 1-2); however, in his habeas corpus petition filed in this Court's form on August 14, 2015, he suggests that he

---

[2] As related to Coleman's revocation of probation, the undersigned reads Supreme Court and Eleventh Circuit precedent as requiring petitioner to establish that he is factually innocent of the grounds upon which his probation was revoked.

is entitled to equitable tolling of the limitations period because he was "under the assumption" that his court-appointed attorney had filed paperwork "for a habeas corpus/appeal". (Doc. 13, at 11.) He also argues that he is entitled to equitable tolling based upon his ignorance of the law and "necessary procedure[s] to take[.]" (*Id.*)

Although the undersigned finds a bit incredulous Coleman's "assumption" that his court-appointed attorney for his revocation proceedings had filed the paperwork "for a habeas corpus[3]/appeal," since only petitioner filed any actual written pleading related to his revocation proceedings in the Circuit Court of Mobile County, Alabama (*see* Doc. 24, Exhibits 9 & 12-13), "at best" his "assumption" in this regard raises the specter of "simple negligence" on counsel's part, not the type of egregious attorney misconduct set forth in *Holland, supra.* Indeed, the Supreme Court recognized in *Holland,* "[m]ere attorney negligence will not justify a grant of equitable tolling." *Ryder v. Secretary, Department of Corrections,* 521 Fed.Appx. 817, 819 (11th Cir. Jun. 6, 2013), citing *Holland,* 550 U.S. at 651-652, 130 S.Ct. at 2564. Thus, Coleman's implicit argument that his attorney failed to file an appeal of his probation revocation, and to inform him of this fact, amounts to no more than simple negligence, certainly not the egregious attorney misconduct outlined in *Holland* warranting equitable tolling, particularly given the clear evidence of record that Coleman violated the conditions of his probation. *Cf.*

---

[3]     The attorney appointed by the Circuit Court of Mobile County, Alabama was not appointed for the purpose of assisting plaintiff in filing his federal habeas corpus petition, *see Lawrence v. Florida,* 549 U.S. 327, 337, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (recognizing that prisoners have no constitutional right to counsel in the post-conviction context); instead, he was appointed simply to assist Coleman with his revocation proceedings (*see* Doc. 24, Exhibits 6-8, 10-11 & 14). Accordingly, petitioner has no basis to argue that he "assumed" his court-appointed counsel was going to file the instant habeas corpus petition.

*Scott, supra,* 372 Fed.Appx. at 63 ("Scott's allegations that his attorney failed to file an appeal of his probation revocation, and to inform him of this fact, does not constitute egregious attorney misconduct warranting equitable tolling. Far from constituting bad faith or dishonesty, Scott's decision not to appeal the probation revocation was a purely tactical one, especially in light of Scott's admission of guilt as to the probation revocation offense."). Accordingly, Coleman is not entitled to equitable tolling of the limitations period based on this argument.

In addition, Coleman's references to his *pro se* status and an inability to grasp legal principles/"necessary procedure[s] to take" simply do not equate to circumstances sufficient to warrant equitable tolling of the one-year limitation period. *Terry v. Hurley,* 2014 WL 1660708, *2 (M.D. Ala. Mar. 10, 2014) ("[I]t is well settled that an inmate's lack of legal knowledge, the denial of access to a law library, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."); *see also Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. May 7, 2005) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.' . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *see Teel v. Farrell*, 2006 WL 1148817, *4 (M.D. Ala. Apr. 28, 2006) ("[A]n inmate's status as a pro se litigant does not warrant equitable tolling.").

In light of the foregoing, the undersigned concludes that nothing other than Coleman's own lack of due diligence is responsible for the untimeliness of the filing of

the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.[4]

**B.    Certificate of Appealability**.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have

---

[4]    Coleman has not demonstrated that he is factually innocent of the bases upon which his probation was revoked—that is, failure to report and pay supervision fees—and, therefore, this Court cannot consider the merits of his untimely petition. *See McQuiggin v. Perkins, supra; San Martin, supra.*

been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.""") Inasmuch as equitable tolling is an extraordinary remedy which the Eleventh Circuit has rarely granted, *see Diaz v. Secretary for Dep't of Corrections,* 362 F.3d 698, 701 (11th Cir. 2004) ("[T]his court has rejected most claims for equitable tolling."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Coleman should be allowed to proceed further, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted by* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa,* 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct.

5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Justin Deron Coleman's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Coleman is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal in forma pauperis.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

13

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

　　**DONE** this the 7th day of June, 2016.

　　　　　s/WILLIAM E. CASSADY
　　　　　**UNITED STATES MAGISTRATE JUDGE**

14